# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Naomi Adams, | ) Case No. 2:17-cv-2833-RMG-MGB |
| Plaintiff, | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| Patricia Grant, Colleton County Clerk of Court, | ) |
| Defendant. | ) |

This is a civil action pursuant to 42 U.S.C. § 1983. Plaintiff is a non-prisoner litigant, who is proceeding *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2) (D.S.C.), the United States Magistrate Judge is authorized to review the case initially and to submit findings and recommendations to the United States District Judge. After careful review, the Magistrate Judge recommends that the Complaint (DE# 1) be **summarily dismissed**, with prejudice, and without issuance and service of process, for the following reasons:

## I. The Present Lawsuit

Plaintiff filed a complaint under 42 U.S.C. § 1983 against Defendant Patricia Grant, the Colleton County Clerk of Court. The allegations of Plaintiff's Complaint are very minimal. In her Complaint, Plaintiff alleges (verbatim) that:

> Patricia Grant acting in her official capacity as Colleton County Clerk of Court, exceeded her jurisdiction by not properly filing Plaintiff's legal documents, more specifically, the Plaintiff's (PCR) Post Conviction Relief. Defendants (sic) actions resulted in Plaintiff sustaining injuries, effecting (sic) quality of life.

(DE# 1, ¶ III, "Statement of the Claim").  Although Plaintiff complains about the filing of PCR documents, a state records check reflects that Plaintiff is not an inmate at this time.[1] For relief, Plaintiff demands monetary damages "in the amount of $500,000.00 plus interest and cost[s]." (DE# 1 at 9, ¶¶ III and VI).

## II. Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The *pro se* Plaintiff is proceeding *in forma pauperis*, and thus, 28 U.S.C. § 1915 applies to this case. Such statute permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the action. To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. §1915(e)(2)(B). *Neitzke*, 490 U.S. at 319. The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 326.  The Prison Litigation Reform Act ("PLRA") also

---

[1] See http://public.doc.state.sc.us/scdc-public/inmateDetails.

provides for the screening of complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

### III. Discussion

#### A. Eleventh Amendment Immunity

Plaintiff appears to indicate that she is suing the Defendant Clerk of Court in her official capacity. (DE# 1 at 6, ¶ III, referring to "Patricia Grant acting in her official capacity as Colleton County Clerk of Court"). To the extent Plaintiff is seeking monetary damages from a state official in official capacity, the Defendant is immune from such relief under the Eleventh Amendment of the United States Constitution. Sovereign immunity protects the State itself, as well as its agencies, divisions, departments, officials, and other "arms of the State." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989) (explaining that a suit against a state official in his official capacity is "no different from a suit against the State itself"); *see also, e.g., Cromer v. Brown*, 88

F.3d 1315, 1332 (4th Cir. 1996); *Ransom v. Lawrence*, Case No. 6:12–3141–JFA–KFM, 2013 WL 4523588, *4 (D.S.C. Aug. 26, 2013); *Jones v. SCDC*, Case No. 5:12–cv–03554–RBH-KDW, 2013 WL 3880175, *4 (D.S.C. July 26, 2013). Based on sovereign immunity, the Defendant sued in her official capacity should be dismissed as a party.

### B. Quasi-Judicial Immunity for Clerk of Court

Plaintiff alleges that the Defendant "did not properly fil[e] Plaintiff's legal documents" and "failed to perform the functions of her position appropriately." (DE# 1 at 6). The Defendant's alleged acts, such as the filing of documents in the court docket, are judicially-related acts performed as part of her official duties for the court. County clerks of court are part of the State of South Carolina's unified judicial system. See S.C. Const. Article V, § 24; §§ 14–1–40, 14–17–10, South Carolina Code of Laws (as amended).

Absolute judicial immunity extends to persons other than judges when performance of judicial acts or activities as official judicial aides are involved and is referred to as quasi-judicial immunity. *See Abebe v. Propes*, Case No. 0:11–1215–MBS–PJG, 2011 WL 2581385, *3 (D.S.C. June 3, 2011) (collecting cases), *adopted by*, 2011 WL 2600593 (D.S.C. June 29, 2011); *Taylor v. Brooks*, Case No. 3:15-cv-1138-RMG-MGB, 2015 WL 4274834 (D.S.C. July 14, 2015), *affirmed* 627 F. App'x 206, 2015 WL 9287065 (4th Cir. Dec. 22, 2015), *cert. denied*, 137 S.Ct. 183 (2016). Immunity is a threshold issue which should be resolved early in a case. *Siegert v. Gilley*, 500 U.S. 226 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (explaining that absolute immunity "is an immunity from suit rather than a mere defense to liability"). Quasi-judicial immunity applies to court personnel because of the "danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters,

and other judicial adjuncts." *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993).

Plaintiff's allegations concern whether Defendant Patricia Grant (Colleton County Clerk of Court) properly filed documents in Plaintiff's case, i.e. followed the rules of the court or acted pursuant to authority delegated by the court. Such Defendant is entitled to quasi-judicial immunity for her judicially-related acts performed for the court. *See, e.g., Wymore v. Green*, 245 F. App'x 780, 783 (10th Cir. 2007) (affirming district court's grant of absolute quasi-judicial immunity to the state clerk of court for performance of judicially-related duties), *cert. denied*, 552 U.S. 1194 (2008); *Martin v. Rush*, Case No. 13–693, 2013 WL 2285948, *5 (D.S.C. May 23, 2013) (applying quasi-judicial immunity to clerk of court); *Robinson v. McBride*, Case No. 3:13–cv-352-TLW-TER, 2013 WL 2099491, *4 (D.S.C. 2013) (same), *adopted*, 2013 WL 2099707 (D.S.C. May 14, 2013*), aff'd*, 540 F. App'x 212 (4th Cir. 2013).

Although Plaintiff complains that the Defendant did not "properly file" her documents and that this is a "breach of her expected and entrusted elected role," absolute immunity is not pierced by allegations of corruption or bad faith, nor will a judicial officer "be deprived of immunity because the action he [or she] took was in error, was done maliciously, or was in excess of his [or her] authority." *Stump*, 435 U.S. at 356–57. Plaintiff's bare-bones allegation about the Defendant's alleged improper "filing" of documents fails to state any sort of constitutional violation. Moreover, Plaintiff does not indicate what was allegedly "improper" about the filing of any documents. The Defendant Clerk of Court is entitled to quasi-judicial immunity for performing official duties for the court and is entitled to summary dismissal of any claims for monetary damages against her.[2]

---

[2] Plaintiff does not seek injunctive relief, and in any event, the Defendant Clerk of Court would also be protected from any such claims. Section 309(c) of the Federal Courts Improvement Act of 1996, Pub.L. No 104–317, 110 Stat. 3847 (1996), amended § 1983 to bar injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42

## C. Failure to State a Claim

A civil action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a § 1983 claim, a plaintiff must allege facts indicating: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While a complaint need not expressly invoke § 1983 as the legal theory for a plaintiff's claim, the United States Supreme Court has instructed that a complaint "must plead facts sufficient to show that [a] claim has substantive plausibility." *Johnson v. City of Shelby*, 135 S.Ct. 346 (2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009)). The present Complaint fails to meet this minimal pleading standard.

Plaintiff makes the conclusory allegation that the Defendant "did not properly fil[e] Plaintiff's legal documents" and "failed to perform the functions of her position appropriately." (DE# 1 at 6). The United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a plausible claim. *Iqbal*, 556 U.S. at 677–79; *Bell Atlantic Corp.*, 550 U.S. at 555. Plaintiff provides no supporting facts. Plaintiff also does not indicate how the alleged "failure to file a document properly" amounts to a constitutional violation. Plaintiff cites no authority for her assumption.

Contrary to Plaintiff's conclusory allegation, the Clerk of Court's alleged failure to file a document "properly" would not amount to a constitutional violation. At most, it would be a matter of negligence, which is not actionable under §1983. *See Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) ("mere negligence or malpractice" does not amount to a constitutional violation under

---

U.S.C. § 1983. *See Robinson v. South Carolina*, No. 4:13-cv-01733-RBH, *3, 2013 WL 4505419 (D.S.C. Aug. 22, 2013); *Gilmore v. Bostic*, 636 F.Supp.2d 496, 506 (S.D.W.Va. 2009) (collecting cases).

§1983). Section 1983 provides a cause of action for the deprivation of federal constitutional and statutory rights under color of state law, but not for negligence. *DeShaney v. Winnebago Cty. Dep't of Social Servs.*, 489 U.S. 189, 200–203 (1989) (holding that § 1983 does not impose liability for violations of duties of care arising under state law). The United States Supreme Court has observed that to allow claims based on a theory of negligence would "trivialize the centuries-old principle of due process of law." *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *see also Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) ("*Daniels*' rejection of a theory of actionable negligence under the Due Process Clause is consistent with Supreme Court cases interpreting other provisions of the Constitution."). Even with liberal construction, the Complaint is subject to summary dismissal for failure to state a plausible claim for relief.

The United States Supreme Court has held that "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981). The Fourth Circuit Court of Appeals has held that "a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) (citing *Federated Dep't Stores, Inc.*, 452 U.S. at 399 n. 3); *see also Carter v. Norfolk Comm. Hosp. Assoc.*, 761 F.2d 970, 974 (4th Cir. 1985) ("[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice"). Amendment for the purpose of stating additional facts would be futile here, because the Defendant is protected by sovereign immunity in her official capacity and by quasi-judicial immunity in her individual capacity, for acts performed as part of her official duties for the state court.

**IV. Conclusion**

In conclusion, the Complaint 1) attempts to sue a state official in official capacity, which is barred by Eleventh Amendment immunity; 2) attempts to sue an individual defendant who is protected by absolute quasi-judicial immunity for the performance of judicial acts for the courts; and 3) fails to state a plausible claim for violation of a constitutional right. As the Complaint "fails to state a claim on which relief may be granted" and "seeks monetary relief against a defendant who is immune from such relief," the Complaint is subject to summary dismissal pursuant to 28 U.S.C. §1915(e)(2)(B).

Accordingly, the Magistrate Judge recommends that the Complaint (DE# 1) should be **summarily dismissed,** with prejudice, and without issuance and service of process.

**IT IS SO RECOMMENDED.**

November 9, 2017
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

Plaintiff's attention is directed to the **Important Warning** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).